UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
JESSE O'BRIEN,

                      Plaintiff,

      -against-

THE CITY OF YONKERS, DET. ANTHONY CHIARELLA,
Shield No. 601, Individually and in his Official Capacity, SGT. KEVIN
SKULLY, Individually and in his Official Capacity, DET."JOHN"
MCCABE, Shield No. 663, Individually and in his Official
Capacity, and P.O.s "JOHN DOE" #1-10, Individually and in their
Official Capacities, (the name John Doe being fictitious, as the true
names are presently unknown),

                      Defendants.
--------------------------------------------------------------------X

**AMENDED COMPLAINT**

**07 CV 3974 (LMS)**

**JURY TRIAL DEMANDED**

**ECF CASE**

       Plaintiff, JESSE O'BRIEN, by his attorney, Jon L. Norinsberg, complaining of the defendants,

respectfully alleges as follows:

## PRELIMINARY STATEMENT

    1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights,

as said rights are secured by said statutes and the Constitutions of the State of New York and the

United States.

## JURISDICTION

    2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

    3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

Yonkers.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of Yonkers.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of Yonkers.

## FACTS

13.     On November 25, 2005, plaintiff JESSE O'BRIEN was lawfully present at Saint Joseph's Medical Center, in the County of Westchester, in the City of Yonkers and the State of New York.

14.     At the aforesaid time and place, plaintiff JESSE O'BRIEN was suddenly accosted by members of the Yonkers Police Department.

15.     Thereafter, plaintiff JESSE O'BRIEN was arrested and charged with committing a robbery on November 13, 2005; in front of 261 New Main Street.

16.     There was no physical evidence connecting plaintiff JESSE O'BRIEN to the alleged robbery.

17.     There was no forensic evidence connecting plaintiff JESSE O'BRIEN to the alleged crime.

18.     The description of the alleged perpetrator did not match the physical appearance of plaintiff JESSE O'BRIEN.

19.     The complaining witness, Joseph A. Neal, told police that he did not get a good view of the perpetrator.

20.     The complaining witness, Joseph A. Neal,  told police that he would not be able to identify the perpetrator.

21.     The complaining witness, Joseph A. Neal, gave multiple and conflicting accounts of the incident, changing critical facts each time he told his story.

22.     Based on the initial interviews with the complainant Joseph A. Neal, the Yonkers Police Department decided to mark the case closed.

23.     After receiving pressure from a detective in the New York City Police Department, who was a relative of the complainant, the Yonkers Police Department decided to reopen the case.

24.     Shortly thereafter, defendants placed plaintiff JESSE O'BRIEN under arrest.

25.     There were two eyewitnesses to the robbery, Jorge Tovar and Alejandro Mendoza.

26.     Jorge Tovar did not identify plaintiff JESSE O'BRIEN as the perpetrator of the robbery.

27.     Alejandro Mendoza did not identify plaintiff JESSE O'BRIEN as the perpetrator of the robbery.

28.     At the time of the alleged robbery, plaintiff JESSE O'BRIEN was using his cell phone in a different location, which was confirmed by phone records.

29.     Notwithstanding the unreliability of the complaining witness, as well as the lack of any incriminating evidence against plaintiff, defendants placed JESSE O'BRIEN under arrest and charged him with committing the robbery against Joseph A. Neal.

30.     In connection with this arrest, defendants filled out false and misleading police reports and forwarded these reports to prosecutors in the District Attorney's Office.

31.     Thereafter, defendants gave false and misleading testimony throughout the criminal proceedings regarding the facts and circumstances surrounding plaintiff's arrest.

32.     Following his arrest, plaintiff JESSE O'BRIEN was incarcerated for approximately nine (9) months awaiting trial.

33.    Notwithstanding the unlawful conduct of defendants, on August 30, 2006, a jury acquitted plaintiff JESSE O'BRIEN of all criminal charges.

34.    As a result of his unlawful arrest, plaintiff JESSE O'BRIEN lost his job with Saint Joseph's Medical Center.

35.    As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation, lost earnings and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

36.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

38.    All of the aforementioned acts deprived plaintiff JESSE O'BRIEN of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

39.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

40.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of Yonkers and the Yonkers Police Department, all under the supervision of ranking officers of said department.

41.    Defendants, collectively and individually, while acting under color of state law,

engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her

respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

42.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     As a result of defendants' aforementioned conduct, plaintiff JESSE O'BRIEN was

subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused

to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal

proceedings, without any probable cause, privilege or consent.

44.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period

of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other

physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

45.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     Defendants were directly and actively involved in the initiation of criminal

proceedings against Mr. O'Brien.

47.     Defendants lacked probable cause to initiate criminal proceedings against Mr.

O'Brien.

48.     Defendants acted with  malice in initiating criminal proceedings against Mr. O'Brien.

49.     Defendants were directly and actively involved in the continuation of criminal

proceedings against Mr. O'Brien.

60.    Defendants arrested and incarcerated Mr. O'Brien in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

61.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

62.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of Yonkers and the Yonkers Police Department, all under the supervision of ranking officers of said department.

63.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of Yonkers and the Yonkers Police Department include, but are not limited to, the following unconstitutional practices:

a)    arresting innocent persons notwithstanding  marked differences between the description of the alleged perpetrator and the physical characteristics of the person arrested;

b)    arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing;

c)    arresting innocent persons notwithstanding the existence of evidence which raises significant doubts as to the reliability and/or veracity of the complaining witness;

d)    subjecting innocent persons to police line-ups which fail to conform to fundamental standards of due process as recognized by other jurisdictions throughout the United States;

e)    subjecting innocent persons to police line-ups which fail to utilize a random double-blind identification procedure to ensure fundamental due process;

f)    subjecting innocent persons to police line-ups which fail to utilize a sequential and individual identification procedure to ensure fundamental due process; and

g)    subjecting innocent persons to arrest and prosecution based solely on identifications made during police line-ups without any independent evidence of criminal wrongdoing.

65.    The foregoing customs, policies, usages, practices, procedures and rules of the City of Yonkers and the Yonkers Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff JESSE O'BRIEN.

66.    The foregoing customs, policies, usages, practices, procedures and rules of the City of Yonkers and the Yonkers Police Department were the direct and proximate cause of the constitutional violations suffered by JESSE O'BRIEN as alleged herein.

67.    The foregoing customs, policies, usages, practices, procedures and rules of the City of Yonkers and the Yonkers Police Department were the moving force behind the constitutional violations suffered by plaintiff JESSE O'BRIEN as alleged herein.

68.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of Yonkers and the Yonkers Police Department, plaintiff JESSE O'BRIEN was falsely arrested and incarcerated for nine months until all charges against him were dismissed on August 30, 2006.

69.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff JESSE O'BRIEN.

70.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff JESSE O'BRIEN's constitutional rights.

71.    All of the foregoing acts by defendants deprived plaintiff JESSE O'BRIEN of federally protected rights, including, but not limited to, the right:

A.    Not to be deprived of liberty without due process of law;

B.    To be free from seizure and arrest not based upon probable cause;

C.    To be free from unwarranted and malicious criminal prosecution;

D.    Not to have cruel and unusual punishment imposed upon him; and

E.    To receive equal protection under the law.

72.    As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff JESSE O'BRIEN demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
       June 3, 2008

BY: _____
    JON L. NORINSBERG (JN-2133)
    Attorney for Plaintiff
    225 Broadway, Suite 2700
    New York, N.Y. 10007
    (212) 791-5396