

FRANK J. RUBINO
Corporation Counsel of the City of Yonkers
Attorneys for Defendants
City Hall Room 300
Yonkers, NY 10701
(914) 377-6256
By: Rory McCormick (RM 3994)
Associate Corporation Counsel

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

JESSE O'BRIEN,

                                        Plaintiff,


        -against-


THE CITY OF YONKERS, DET. ANTHONY
CHIARELLA, Shield No. 601, Individually and in his              07 Civ. 3974 (LMS)( KMK)
Official Capacity, SGT. KEVIN SKULLY, Individually
and in his Official Capacity,  DET. "JOHN" MCCABE,
Shield No. 663, Individually and in his Official Capacity,
and P.O.'s "JOHN DOE" # 1-10, Individually and in their
Official Capacities, (the name John Doe being fictitious as
the true names are presently unknown),

                                        Defendants.

-----------------------------------------------------------------------X



DEFENDANTS MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR
SUMMARY JUDGMENT



                            FRANK J. RUBINO
                            Corporation Counsel
                            Attorney for Defendants
                            City Hall Room 300
                            Yonkers, NY 10701
                            (914) 377-6256
                            By: Rory McCormick (RM 3994)
                            Associate Corporation Counsel

## TABLE OF CONTENTS

TABLE OF AUTHORITIES...............................................................ii

PRELIMINARY STATEMENT...........................................................1

STATEMENT OF MATERIAL FACTS................................................2

SUMMARY JUDGMENT STANDARD................................................2

ARGUMENT ...................................................................................3

    POINT I

    PLAINITFF'S FALSE ARREST CLAIM AGAINST
    DEFENDANTS MUST BE DISMISSED AS A MATTER OF LAW.......................3

    POINT II

    PLAINITFF'S MALICIOUS PROSECUTION CLAIM
    MUST BE DISMISSED AS A MATTER OF LAW...........................................11

    POINT III

    PLAINITFF'S MALICIOUS ABUSE OF PROCESS
    CLAIM MUST BE DISMISSED AS A MATTER OF LAW.................................16

    POINT IV

    PLAINTIFF'S REMAINING CLAIMS BASED ON FIRST,
    FIFTH, EIGHTH AND FOURTEENTH AMENDMENT
    VIOLATIONS MUST BE DISMISSED........................................................18

    POINT V

    DETECTIVES SCULLY, McCABE AND CHIARELLA
    ARE PROTECTED BY QUALIFIED IMMUNITY.........................................18

    POINT VI

    ALL CLAIMS AGAINST THE CITY OF YONKERS
    MUST BE DISMISSED.........................................................................20

    CONCLUSION....................................................................................22

**Cases**

Alberts v. New York, 549 F. Supp. 227, 231 (S.D.N.Y. 1982)................................................4

Albright v. Oliver, 114 S.Ct. 807, 811-17 (1994)...........................................................18

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)..............................................2

Augustine v. Reid, 882 F. Supp. 50, 53 (E.D.N.Y. 1995).................................................20

Batista v. Rodriguez, 702 F. 2d 393, 397 (2d Cir. 1983)................................................21

Bernard v. United States, 25 F. 3d 98, 103 (2d Cir. 1994)..........................4, 12, 13, 14, 20

Broughton v. State, 373 N.Y.S. 2d 87 at 93 (1975)...................................................3, 11

Bryan County Commissioners v. Brown 117 S. t. 1382, 1388-80 (1997)..........................20

Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir. 1991)..................................................13

Calamia v. City of New York, 879 F. 2d 1025, 1032 (2d Cir. 1989)...................................5

Celotex Corp. v. Catrett, 477 U.S. 317 (1986)............................................................2

City of Canton v. Harris, 489 U.S. 378, 385 (1989).................................................21, 22

City of St. Louis v. Praprotnik, 485 U.S. 112 (1988)....................................................22

Collum v. Incorporated Village of Freeport, N.Y., 691 F. Supp. 637, 640 (E.D.N.Y. 1988).......6

Colon v. City of New York, 468 N.Y. 2d 453, 455 (1983)...........................................12, 13

Cook v. Sheldon, 41 F. 3d 73, 77-79 (2d. Cir. 1994)..........................................12, 17, 19

D'Amico v. City of New York, 331 F. 3d 63 (2d Cir. 2003).............................................17

Daniels v. United States, 393 F. 2d 359, 361 (D.C. Cir. 1968).........................................5

Dukes v. City of New York, 879 F. Supp. 335 (S.D.N.Y. 1995)...............4, 5, 6, 12, 13, 16

Equimark Commercial Fin. Co. v. C.I.T. Fin Servs. Corp., 812 F 2d. 141, 144 (3d Cir. 1987)....2

First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-90 (1968).......................2, 3

Florio v. Greenfield, 1998 WL 193179 (S.D.N.Y. 1998)................................................17

Hahn v. County of Otsego, 820 F. Supp. 54, 58-59 (N.D.N.Y. 1993)...................................6

Kinzer v. Jackson, 316 F. 3d 139 (2d. Cir. 2003)...................................................19

Krause v. Bennett, 887 F. 2d 362, 371 (2d Cir. 1989)...................................................6

Kulak v. City of New York, 88 F. 3d 63, 71 (2d Cir. 1996)...................................................17

Lennon v. Miller, 66 F. 3d 416, 420 (2d Cir. 1995)...................................................5, 19

Lipton v. Nature Co., 71 F. 3d 464, 469 (2d Cir. 1995)...................................................17

Loza v. Lynch, 625 F. Supp. 850, 853 (D. Conn. 1986)...................................................21

Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888-89 (1990)...................................................3

Martin v. City of New York, 627 F. Supp. 892, 896-97 (E.D.N.Y. 1985)...................................................21

Martinez v. City of Schenectady, 115 F. 3d 111, 114-15 (2d Cir. 1997)...................................................19

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986)...................................................2

Miloslausky v. AES Engineering Soc'y, Inc., 808 F. Supp. 351, 355 (S.D.N.Y. 1992)..........6, 13

Monell v. Department of Social Services, 436 U.S. 658, 691 (1978)...................................................21

Oklahoma City v. Tuttle, 471 U.S. 808, 824 (1985)...................................................21

Pembaur v. City of Cincinnati, 475 U.S. 469 (1986)...................................................22

Pierson v. Ray, 386 U.S. 547 (1967)...................................................5

Podell v. Citicorp Diners Club, Inc., 112 F. 3d 98, 101 (2d Cir. 1997)...................................................17

Polk County v. Dodson, 454 U.S. 312, 326 (1981)...................................................21

Posr v. Doherty, 944 F. 2d 91 at 96 (2d Cir. 1991)...................................................3, 12

Reid v. New York, 736 F. Supp. 2124, (E.D.N.Y. 1990)...................................................4

Rounseville v. Zahl, 13 F. 3d 625, at 630 (2d Cir. 1994)...................................................16

Sarus v. Rotundo, 831 F. 2d 397, 400 (2d Cir. 1987)...................................................21

Savino v. City of New York, 351 F. 3d 63 72 (2d Cir. 2003)...................................................12, 13, 17

Simmons v. Chemung County Dep't of Social Services., 770 F. Supp. 795, 801 (W.D.N.Y.)....14

Singer v. Fulton County Sheriff, 63 F. 3d 110 (2d Cir. 1995)...................................3, 4, 18

Smith v. County of Nassau, 34 N.Y. 2d 349 (1974)...............................................6

Steiner v. City of New York, 920 F. Supp. 333 (E.D.N.Y. 1996)..............................5, 19

Thomas v. Culberg, 741 F. Supp. 77(S.D.N.Y. 1990)...........................................5

Wasilewicz v. Village of Monroe Police Department, 771 N.Y.S. 2d 170 (2nd Dept. 2004)........6

Weiss v. Huana, 312 F. 3d 711, 717 (2d Cir. 1963)..............................................17

Williams v. New York, 617 N.Y.S. 2d 867 (2nd Dept., 1994)......................................6

## PRELIMINARY STATEMENT

The Plaintiff, Jesse O'Brien (hereinafter the "Plaintiff"), commenced the instant civil action pursuant to 42 U.S.C. § 1983 claiming that his civil rights were violated when he was arrested by members of the Yonkers Police Department for Robbery in the First Degree on November 25, 2005. Plaintiff's causes of action against Defendants include deprivation of federal civil rights under 42 U.S.C. § 1983, false arrest, malicious prosecution, malicious abuse of process, as well as a claim for municipal liability. Discovery in the matter has concluded and the Defendants move for summary judgment pursuant to Federal Rules of Civil Procedure 56 on the following grounds: 1) The evidence establishes as a matter of law that probable cause existed for Defendants to arrest Plaintiff and all claims of false arrest, malicious prosecution, malicious abuse of process and other constitutional claims should be dismissed; 2) Plaintiff cannot prove that his prosecution was motivated by malice. Moreover, Plaintiff will be unable to meet his burden to establish that his indictment was secured through false and misleading reports and testimony of the Defendants; 3) Detective Chiarella, Detective Scully and Detective McCabe are immune from liability in accordance with the doctrine of qualified immunity; 4) The Plaintiff cannot establish the existence of a municipal policy or custom which caused the alleged deprivation of Plaintiff's constitutional rights; and 5) each and every one of Plaintiff's remaining claims are unsustainable and cannot withstand the objective evidence set forth by Defendants. As such, all of Plaintiff's claims should be dismissed as a matter of law.

## STATEMENT OF FACTS

The pertinent facts are set forth in the Statement of Material Facts Pursuant to Local Rule 56.1 (the "Statement"). In order to avoid burdening the Court with another full recitation of the facts, such facts set forth in the Statement are incorporated by reference herein but will not be repeated.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted if the evidence demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law". Fed. R. Civ. P. 56(c). Facts are deemed material only when they might affect the outcome of the case under the governing law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Irrelevant or unnecessary factual disputes will not be considered. See Anderson, 477 U.S. at 248. Moreover, summary judgment will not be prohibited by the mere existence of a scintilla of evidence in support of the nonmoving party's case or "metaphysical doubt as to the material facts". See Id. At 252; See, also; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). To present a "genuine" issue of material fact, there must be contradictory evidence "such that a reasonable jury could return a verdict for the nonmoving party". Anderson, 477 U.S. at 248; see, also, First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

Federal Rule of Civil Procedure 56(c) mandates summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial". Celotex, 477 U.S. at 322; accord Equimark Commercial Fin. Co. v. C.I.T. Fin.

Servs. Corp., 812 F 2d. 141, 144 (3d Cir. 1987). If the evidence is "merely colorable" and "not significantly probative," the court may decide the legal issue and grant summary judgment. See Anderson, 477 U.S. at 249-50; First Nat'l Bank, 391 U.S. at 290. General averments or conclusory allegations of an affidavit do not create specific factual disputes. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888-89 (1990). In sum, summary judgment is proper where no reasonable jury "could find by the preponderance of the evidence" for the nonmoving party. See Anderson, 477 U.S. at 248.

## ARGUMENT

### POINT I

**PLAINITFF'S FALSE ARREST CLAIM AGAINST
DEFENDANTS MUST BE DISMISSED AS A MATTER OF LAW.**

Under New York law, the elements of a false imprisonment claim are: 1) the defendant intended to confine [the plaintiff], 2) the plaintiff was conscious of the confinement, 3) the plaintiff did not consent to the confinement and 4) the confinement was not otherwise privileged. Singer v. Fulton County Sheriff, 63 F. 3d 110 (2d Cir. 1995); Broughton v. State, 373 N.Y.S. 2d 87 at 93 (1975). The elements of a claim of false arrest under § 1983 are substantially the same elements of a false arrest claim under New York law save for the requirement that the constitutional tort be under color of state law. See Singer v. Fulton County Sheriff, 63 F. 3d 110 at 118 (2d Cir. 1995); Posr v. Doherty, 944 F. 2d 91 at 96 (2d Cir. 1991).

An arrest without a warrant is presumptively invalid and in a false imprisonment action the burden is on the officer to establish that the arrest was privileged. Broughton v. State, 37 N.Y. 2d 451, 373 N.Y.S. 2d 87 (1975). While an arrest without a warrant is presumed unlawful, the arresting officer can show legal justification by proving the arrest

3

was based on probable cause. <u>See Dukes v. City of New York,</u> 879 F. Supp. 335 (S.D.N.Y. 1995); <u>Reid v. New York,</u> 736 F. Supp. 2124, (E.D.N.Y. 1990); <u>Alberts v. New York,</u> 549 F. Supp. 227, 231 (S.D.N.Y. 1982). Consequently, Detectives Scully and McCabe can defeat Plaintiff's constitutional claim for false arrest by demonstrating that probable cause existed at the time they arrested Plaintiff.

Plaintiff's false arrest claim against Detectives Scully and McCabe must be dismissed as a matter of law because Detectives Scully and McCabe had probable cause to arrest Plaintiff. Probable cause is a complete defense to Plaintiff's claim of false arrest. Detectives Scully and McCabe had probable cause to arrest Plaintiff because on the facts available to the Detectives at the time of the arrest it was objectively reasonable for Detectives Scully and McCabe to believe that Plaintiff had committed a robbery against Neal on November 13, 2005, regardless of Plaintiff's eventual guilt or innocence. Therefore, Plaintiff's false arrest claim must fail.

Probable cause is a complete defense to an action for false arrest. <u>Singer v. Fulton County Sheriff,</u> 63 F. 3d 110, (2d Cir. 1995) (an arresting officer advised of a crime by a person who claims to be a victim, and who has signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity); <u>Bernard v. United States,</u> 25 F. 3d 98, 103 (2d Cir. 1994) (probable cause existed when agent reasonably relied on observations which turned out to be in error); <u>Dukes v. City of New York,</u> 879 F. Supp. 335, 340-41 (S.D.N.Y. 1995) (probable cause existed when at the time of arrest a witness identified plaintiff, regardless of ultimate finding of plaintiff's guilt or innocence). Probable cause to arrest exists when knowledge of reasonably trustworthy

4

information is sufficient to cause a reasonably cautious person to believe that an offense had been committed by the person to be arrested. Lennon v. Miller, 66 F. 3d 416, 423-24 (2d Cir. 1995); Calamia v. City of New York, 879 F. 2d 1025, 1032 (2d Cir. 1989).

The fact that Plaintiff was acquitted at trial for the robbery of Neal is irrelevant to the issue of whether Detectives Scully and McCabe had probable cause to arrest Plaintiff. Pierson v. Ray, 386 U.S. 547, 87 S. Ct. 1213 (1967). In Pierson, the Supreme Court stated that "a peace officer who arrests someone with probable cause is not liable for false arrest simply because the innocence of the suspect is later proved". Id. at. 555. The Supreme Court explained that "[A] policeman's lot is not so unhappy that he must choose between being charged with dereliction of duty if he does not arrest when he has probable cause, and being mulcted in damages if he does". Id. at 555. The soundness of the arrest hinges on the existence of probable cause at the time the arrest was made. Dukes v. City of New York, 879 F. Supp. 335 (S.D.N.Y. 1995). Accordingly, the issue before this Court is whether the information received by Detectives Scully and McCabe constituted probable cause to arrest Plaintiff for the robbery of Neal. "Officers have probable cause to arrest if they receive 'information from some person – normally the putative victim or eyewitness – who it seems reasonable to believe is telling the truth'." Steiner v. City of New York, 920 F. Supp. 333 (E.D.N.Y. 1996); Thomas v. Culberg, 741 F. Supp. 77(S.D.N.Y. 1990) (quoting Daniels v. United States, 393 F. 2d 359, 361 (D.C. Cir. 1968). Consequently, the fact that Plaintiff was acquitted after trial is not determinative of whether Detectives Scully and McCabe had probable cause to arrest Plaintiff on November 25, 2005.

When the facts relied upon by an officer have sufficient indicia of reliability for probable cause, competing accounts do not of themselves destroy that probable cause. Krause v. Bennett, 887 F. 2d 362, 371 (2d Cir. 1989) (probable cause existed when a traffic sign seen hanging indoors was likely to have been stolen; officer is not required to be certain of subsequent prosecution success); Hahn v. County of Otsego, 820 F. Supp. 54, 58-59 (N.D.N.Y. 1993) (probable cause existed when plaintiffs were identified in a sworn criminal complaint corroborated by other witnesses, regardless of officer not asking for plaintiff's side of events) aff'd 52 F. 3d 310 (2d Cir. 1995);  Collum v. Incorporated Village of Freeport, N.Y., 691 F. Supp. 637, 640 (E.D.N.Y. 1988).

In this case, Plaintiff was positively identified by the victim of the robbery in a photo array and subsequent to arrest in a lineup.  Courts have routinely held that an identification by a witness or victim of a crime of the person arrested as the perpetrator of the crime is sufficient to make out probable cause for the arrest.  See Smith v. County of Nassau, 34 N.Y. 2d 18, 24-25, 355 N.Y.S. 2d 349 (1974).  ("In many cases where the victim has made a positive identification, the circumstances may be such as to warrant a court's finding reasonable cause as a matter of law".  Id. At 25.);  Wasilewicz v. Village of Monroe Police Department, 3 A.D. 3d 561, 771 N.Y.S. 2d 170 (2nd Dept. 2004); Williams v. New York, 208A.D. 2d 919, 617 N.Y.S. 2d 867 (2nd Dept., 1994); Miloslausky v. AES Engineering Soc'y, Inc., 808 F. Supp. 351, 355 (S.D.N.Y. 1992), aff'd, 993 F. 2d 1534 (2d Cir.), cert. denied, 510 U.S. 817, 114 S. Ct. 68, 126 L. Ed. 2d 37 (1993);  Dukes v. City of New York, 879 F. Supp. 335, 340-41, 343-44 (S.D.N.Y. 1995) (probable cause existed where witness consistently identified plaintiff on videotape, photo array and lineup; regardless of plaintiff claiming an alibi).

6

The case of <u>Dukes</u>, <u>supra</u>, is factually analogous to the case at bar. The plaintiff in <u>Dukes</u> was arrested for murder. The next day a witness identified plaintiff from a videotape as the shooter. Six days after the crime, the witness identified plaintiff as the shooter from a photo array. The detective brought plaintiff to the precinct twelve days after the shooting at which time plaintiff refused to give a statement to the police. That same day the witness identified plaintiff in a lineup as the shooter. Later that day after the lineup was conducted, plaintiff's parents arrived at the precinct with several witnesses. Plaintiff contended that the detective refused to speak to the witnesses after initially telling his parents that he would speak to them. Plaintiff was arrested that evening and later indicted for murder. Plaintiff was subsequently acquitted of murder after being held in custody for two years.

This Court held in <u>Dukes</u> that probable cause existed for plaintiff's arrest and therefore granted defendants' motion for summary judgment on plaintiff's claim for false arrest. The Court reasoned that the identification by a witness of plaintiff as the perpetrator of the crime constituted probable cause which justified the arrest. Similarly, in the case at bar, the victim of the robbery repeatedly identified Plaintiff as the person who robbed him. The photo array identification by Neal of Plaintiff was made within two weeks of the crime. Furthermore, the Detectives had no reason to question either the veracity or reliability of Neal's identification.

On November 25, 2005, Detectives Scully and McCabe had reasonably trustworthy information that would lead a reasonable officer to believe that Plaintiff robbed Neal on November 13, 2005. The probable cause to arrest Plaintiff for robbery

7

consisted of a positive identification by the victim of the crime that Plaintiff was the assailant.

Detectives Scully and McCabe responded to St. Joseph's Hospital ("hospital") on November 25, 2005 on a report of a past robbery. (See, Exhibit "B"). The Detectives interviewed Neal at the hospital in the Human Resources Department. Neal looked at his assailant's face both before and during the robbery. (See, Exhibit "CC" pages 81-85, 180-181). Neal further informed the Detectives that he saw his assailant on three different occasions at the hospital where Neal worked during a period of ten days after the robbery. (See, Exhibit "D"). Neal learned from colleagues in the operating room unit that the suspect's name was Jesse O'Brien and also that Plaintiff was an employee of the hospital. Detectives Scully and McCabe also learned from Neal that he was interviewed by police officers on the day the robbery occurred and that a police report was taken. (See, Exhibit "AA" page 21).

Prior to arresting Plaintiff, Detective McCabe reviewed the incident report prepared by Officer Rodriguez on November 13, 2005. The incident report confirmed that Neal was in fact the victim of a robbery which was reported on November 13, 2005 and witnessed by Jorge Tovar and Alejandro Mendoza. (See, Exhibit "AA" pages 51-52, Exhibit "A"). Neal sustained injuries during the robbery which necessitated medical treatment at the hospital. (See, Exhibit "D", "J"). Neal provided a written statement to Detective Scully on November 25, 2005. (See, Exhibit "D"). That same day Neal identified Plaintiff as his assailant from a photographic array prepared by Detective McCabe. (See Exhibit "B", "D", "N"). The Detectives attempted to interview Plaintiff to obtain his side of the story. (See Exhibit "B", "Z" pages 27-29). Plaintiff asserted his

Fifth Amendment right and refused to give a statement to the police. (See, Exhibit "B", "E"). It is indisputable that the information obtained by Detectives Scully and McCabe constituted probable cause to arrest Plaintiff.

Officer Rodriguez included a description of the suspect in the incident report he prepared on November 13, 2005 on the basis of his brief interview with a distraught Neal at the hospital emergency room as well as his interview of Tovar and Mendoza at the scene. (See, Exhibit "A", Exhibit "II" pages 26 and 44). According to the incident report, the suspect is described as a Hispanic male in his twenties approximately 5'7", 160 lbs. with a goatee wearing black jeans, a black bubble jacket and a gray hooded sweat shirt. Detective Chiarella interviewed Neal at the hospital on the day of the crime shortly after Officer Rodriguez spoke to Neal. According to Detective Chiariquez's notes of his interview with Neal, Neal told him that he got a decent look at the suspect's face and would remember his face if he saw him again. (See, Exhibit "C").

On November 25, 2005, Neal provided Detective Scully with a written statement in which he gave a more detailed physical description of the suspect than he provided to the police on the day of the crime while he was being treated for injuries at the hospital. (See, Exhibit "CC" page 166). Neal informed Detective Scully that he saw his attacker three times at the hospital since the robbery occurred. Neal further related that on each of the three occasions he saw Plaintiff at the hospital following the robbery, Plaintiff immediately avoided him. (See, Exhibit "D"). Neal's written statement which was subject to penalty under Penal Law Section 210.45 for making a false statement (See, Exhibit "D"), provides the following physical description of his assailant. The suspect was a light skinned Hispanic male approximately 5'6" tall who was either bald or kept

9

his hair close shaven with a black goatee and a mark under his right eye that appeared to be either a small mole or light tattoo. This tattoo was approximately a quarter of an inch large. (See, Exhibit "Z" page 21). Additionally, the suspect had small, boney hands. (See, Exhibit "D").

Detective McCabe prepared a photo array with Plaintiff's photo and five fillers while Detective Scully took Neal's written statement. The photo array was shown to Neal. (See, Exhibit "F"). Neal immediately identified Plaintiff, who was depicted in photo number 2, as the person who robbed him on November 13, 2005. (Exhibit "B", "D").

After Neal gave his written statement and identified Plaintiff as his assailant by means of the photo array, the Detectives attempted to interview Plaintiff to hear his side of the story and whether he had an alibi. Plaintiff invoked his Fifth Amendment rights and chose not to speak to the police. (See, Exhibit "B", "E"). The Detectives immediately ceased all questioning. Nicole Beckford, the Director of Human Resources at the hospital, confirmed that Plaintiff was a hospital employee in the Maintenance Department. Ms. Beckford further confirmed that Plaintiff was not working at the time of the alleged incident. (See, Exhibit "S"). On the basis of the foregoing, it is clear that Detectives Scully and McCabe had probable cause to arrest Plaintiff for robbery.

A number of factors post arrest further support Defendants position that there was probable cause to arrest Plaintiff. First, Neal testified at a Felony Hearing on December 21, 2005 during which he made an in court identification of Plaintiff as the person who robbed him. (See, Exhibit "K" pages 7-8). Second, the Grand Jury returned an indictment against Plaintiff. (See, Exhibit "L"). The Grand Jury indictment constitutes

"some proof" of the existence of probable cause in the context of a false arrest claim.

Broughton v. State, 37 N.Y. 2d 451, 373 N.Y.S. 2d 87, 95 (1975). Third, a Court ordered

lineup was conducted at Yonkers Police Headquarters on March 22, 2006. Neal

positively identified Plaintiff at the lineup as the person who robbed him on November

13, 2005. (See, Exhibit "M"). Fourth, a Wade Hearing was conducted before Judge

Adler on August 21, 2006 subsequent to which the Court held that neither the photo array

identification nor lineup procedure were unduly suggestive. (See, Exhibit "X"). Lastly,

Neal made an in court identification of Plaintiff during the criminal trial. (See, Exhibit

"CC" page 90).

    For the reasons enumerated above, the evidence demonstrates that Defendants

have met their burden of proof by establishing that Plaintiff's warrantless arrest was

based on probable cause thereby constituting legal justification for the arrest.

Accordingly, Plaintiff's false arrest claim must be dismissed as a matter of law.

### POINT II

### PLAINITFF'S MALICIOUS PROSECUTION
### CLAIM MUST BE DISMISSED AS A MATTER OF LAW.

    Plaintiff's claim of malicious prosecution against Defendants must be dismissed

as a matter of law because Defendants had probable cause to secure an indictment of

Plaintiff and probable cause is a complete defense to Plaintiff's malicious prosecution

claim. Defendants had probable cause to request an indictment of Plaintiff because on

the facts available to Defendants it was objectively reasonable for Defendants to believe

Plaintiff had committed the crimes for which Plaintiff was indicted, regardless of

Plaintiff's eventual guilt or innocence. Additionally, Plaintiff cannot prove that his

prosecution was motivated by malice or that his indictment was secured through false and

misleading reports and testimony of Defendants.    Therefore, Plaintiff's malicious prosecution claim must fail.

Under New York law, the elements of an action for malicious prosecution are: 1) the initiation of a proceeding, 2) its termination favorably to plaintiff, 3) lack of probable cause, and 4) malice. See Colon v. City of New York, 60 N.Y. 2d 78, 82, 462 N.Y.S. 2d 453, 455 (1983); Posr v. Doherty, 944 F. 2d 91 at 100 (2d Cir. 1991); Savino v. City of New York, 351 F. 3d 63 at 72 (2d Cir. 2003). Liability for the tort of malicious prosecution also gives rise to liability under 42 U.S.C. § 1983. See Savino v. City of New York, 351 F. 3d 63 at 72 (2d Cir. 2003); Cook v. Sheldon, 41 F. 3d 73, 77-79 (2d Cir. 1994). Plaintiff's malicious prosecution claim must be dismissed as a matter of law because Plaintiff is unable to satisfy the elements of lack of probable cause and malice.

The existence of probable cause is a complete defense to Plaintiff's malicious prosecution claim. Bernard v. United States, 25 F. 3d 98, 103 (2d Cir. 1994); Dukes v. City of New York, 879 F. Supp. 335 at 340 (2d Cir. 1995); Savino v. City of New York, 331 F. 3d 63 at 72 (2d Cir. 2003). As with probable cause to arrest, probable cause to prosecute consists of "such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty". Dukes Id. at 340 (quoting Colon v. New York, 60 N.Y. 2d 78, at 82, 468 N.Y.S. 2d 453, at 455 (1983).

As discussed in Point I supra, Detectives Scully and McCabe had probable cause to arrest Plaintiff for robbery on November 25, 2005 on the basis of information provided by Neal together with the incident report prepared by Officer Rodriguez.  Neal identified Plaintiff as his attacker from a photographic array prior to Plaintiff's arrest on November 25, 2005.  Identification by a witness, without more, may provide the necessary

justification for the arrest of a suspect.  The Second Circuit has held that in-person

identifications by a witness are sufficient to make out probable cause for arrest.  See

Dukes v. City of New York, 879 F. Supp. 335 (2d Cir. 1995);  Miloslavsky v. AES

Engineering Soc'y., Inc., 808 F. Supp. 351, 355 (S.D.N.Y. 1992), aff'd, 993 F. 2d 1534

(2d Cir.), cert. denied, 510 U.S. 817, 114 S. Ct. 68, 126 L. Ed. 2d 37 (1993).

Moreover, the existence of probable cause to arrest Plaintiff in this case is further

evidenced by the fact that Plaintiff was indicted by a Grand Jury for the crimes of

robbery, assault and possession of a weapon.  The Second Circuit in Savino succinctly

stated that under New York law, indictment by a grand jury creates a presumption of

probable cause that may only be rebutted by evidence that the indictment was procured

by fraud, perjury, the suppression of evidence or other police misconduct undertaken in

bad faith, for purposes of a malicious prosecution claim.  Id. at 72.  See Colon v. City of

New York, 60 N.Y. 2d 78 at 83, 468 N.Y.S. 2d at 456 (1983).

Once the presumption of probable cause that arises from an indictment is

established, the burden of proof shifts to the plaintiff to establish that the indictment was

produced by fraud, perjury, the suppression of evidence or other police conduct in bad

faith.  See Bernard v. United States, 25 F. 3d 98, 104 (2d Cir. 1994);  Savino v. City of

New York, 331 F. 3d 63 at 72 (2d Cir. 2003).  This burden of proof on the Plaintiff to

rebut the presumption of probable cause arising from an indictment is an onerous one.  It

is insufficient for Plaintiff to make conclusory statements in his Complaint based on mere

conjecture and surmise that his indictment was procured as a result of police misconduct.

See, Savino Id. at 72; Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir 1991).  The Second

Circuit in Dukes explained the plaintiff's burden of proof as follows:

13

> "In fact, the presumption of probable cause created by the indictment is <u>so strong</u> that it may only be overcome by evidence demonstrating that defendants engaged in fraud, perjury, the suppression of evidence beneficial to the accused, or other police conduct undertaken in bad faith. <u>See Bernard</u>, 25 F. 3d at 104; <u>Simmons v. Chemung County Dep't of Social Services.</u>, 770 F. Supp. 795, 801 (W.D.N.Y.), <u>aff'd</u>, 948 F. 2d 1276 (2d Cir 1991)." <u>Id.</u> at 341-342. (emphasis added).

In the case at bar, Plaintiff will be unable to meet his burden by presenting evidence that Defendants filled out false and misleading police reports and forwarded these reports to the District Attorney's Office. (See, Exhibit "GG" paragraph 30). Additionally, Plaintiff will be unable to meet his burden that Defendants "gave false and misleading testimony throughout the criminal proceeding regarding the facts and circumstances surrounding Plaintiff's arrest". (See, Exhibit "GG" paragraph 31). These allegations in the Complaint are nothing more than unsubstantiated, conclusory allegations based solely upon conjecture and surmise. Accordingly, since Defendants had probable cause to have Plaintiff indicted for the robbery of Neal, Plaintiff's malicious prosecution claim must fail as a matter of law.

In support of his contention that his prosecution was the result of police misconduct, Plaintiff will undoubtedly argue that Detective Chiarella's November 29, 2005 report demonstrates that there was no probable cause to arrest him. In this regard the report states that Neal did not get a good view of the suspect and would "probably" not be able to identify him. (See, Exhibit "H"). The report also states that the two witnesses gave conflicting descriptions of the suspect. Further, Detective Chiarella wrote that in his opinion the case should be considered inactive because the victim had not contacted him since the incident and appeared to be uncooperative. (See, Exhibit "H").

14

However, Detective Chiarella's November 29, 2005 report in no way supports Plaintiff's theory that the report is evidence of a lack of probable cause and indicative of police misconduct. First, Detective Chiarella did not arrest Plaintiff. In fact, the report in question was written four (4) days <u>after</u> Plaintiff was arrested. Detective Chiarella did not learn that an arrest was made in this case until a couple of months later in January of 2006. (See, Exhibit "Y" page 18). Accordingly, when Detectives Scully and McCabe arrested Plaintiff on November 25, 2005, they had far more information about the robbery than Detective Chiarella had. Second, this was a monthly administrative report. (See, Exhibit "Y" pages 17-18). Detectives are required to prepare a monthly status report on all of their pending cases. (See, Exhibit "Y" pages 17-18). Detective Chiarella did not close the case. Rather, he opined that the case should be placed in "inactive" status due to what he perceived to be the victim's lack of cooperation. Third, Detective Chiarella's notes of his interview with Neal at the hospital on the evening of the robbery reveal that Neal would in fact be able to identify his assailant. (See, Exhibit "C"). Neal told Detective Chiarella that he got a decent look at the suspect's face and would recognize the face if he saw it again. (See, Exhibit "C"). Lastly, with regard to Tovar and Mendoza, whether or not they gave conflicting descriptions of the suspect is irrelevant because neither witness was able to identify the suspect other than in a very general manner. (See, Exhibit "KK" page 46, "Z" pages 53-57, "AA" page 31, "R").

Furthermore, Plaintiff will be unable to establish the fourth element of a malicious prosecution claim, that Defendants initiated the criminal proceeding out of malice. Under New York law, for defendants to have initiated a criminal proceeding out of malice, for purposes of a malicious prosecution action, defendants must have commenced a criminal

15

proceeding due to a wrong or improper motive, that is, something other than a decision to see the ends of justice served. See Dukes v. City of New York, 879 F. Supp. 335 at 344 (S.D.N.Y. 1995)); Rounseville v. Zahl, 13 F. 3d 625, at 630 (2d Cir 1994). In Dukes, the Second Circuit held that actual malice on the part of a police officer in commencing a criminal proceeding could not be inferred from officer's refusal to interview witnesses produced by arrestee's father in hours following suspect's arrest. Id. at 344.

In this case, Detectives Scully and McCabe arrested Plaintiff for robbery based upon the identification of Neal, the victim of the crime. The arrest occurred within two weeks of the crime. Neal's account of the incident was corroborated by the incident report prepared by Officer Rodriguez on the date of the crime which included information from two witnesses, Tovar and Mendoza. In view of the fact that Detectives Scully and McCabe had probable cause to arrest Plaintiff for the robbery of Neal, it is axiomatic that the Detectives did not initiate the criminal proceedings against Plaintiff for an improper purpose. Consequently, the Detectives did not act with actual malice in initiating the criminal prosecution against Plaintiff. Conversely, the Detectives performed their duty in arresting Plaintiff on the basis of probable cause for the robbery of Neal.

## POINT III

### PLAINITFF'S MALICIOUS ABUSE OF PROCESS CLAIM MUST BE DISMISSED AS A MATTER OF LAW.

Under New York law, a claim of malicious abuse of process will lie against a defendant who: 1) employs regularly issued legal process to compel performance or forbearance of some act, 2) with intent to do harm without excuse or justification, and 3) in order to obtain a collateral objective that is outside the legitimate ends of the process.

Cook v. Sheldon, 41 F. 3d 73, 80 (2d Cir. 1994); Florio v. Greenfield, 1998 WL 193179 (S.D.N.Y. 1998). "The gist of the tort of abuse of process is not commencing an action or causing process to issue without justification, but misusing or misapplying process justified in itself for an end other than that which it is designed to accomplish". Florio supra.; Weiss v. Huana, 312 F. 3d 711, 717 (2d Cir.), cert denied, 374 U.S. 853 (1963).

Plaintiff's malicious abuse of process claim must be dismissed because Plaintiff cannot meet his burden of proof with respect to the last two elements. As previously discussed in Point I and Point II supra., Detectives Scully and McCabe had probable cause to arrest Plaintiff which constitutes legal justification. Moreover, Plaintiff cannot establish that Defendants instituted the criminal process against him for a "collateral objective" such as retribution or extortion. A malicious motive alone does not give rise to a cause of action for malicious abuse of process. A plaintiff must establish that the defendants had an improper purpose in instigating the criminal prosecution. Savino v. City of New York, 331 F. 3d 63 (2d Cir. 2003). In this regard, the conclusory allegations stated in the Complaint attributing false statements and testimony to the Defendants is insufficient to defeat a summary judgment motion. Mere speculation, surmise, or conclusions are simply insufficient to defeat a summary judgment motion. See D'Amico v. City of New York, 132 F. 3d 145 (2d Cir. 1998); Podell v. Citicorp Diners Club, Inc., 112 F. 3d 98, 101 (2d Cir. 1997); Kulak v. City of New York, 88 F. 3d 63, 71 (2d Cir. 1996); and Lipton v. Nature Co., 71 F. 3d 464, 469 (2d Cir. 1995). Accordingly, Plaintiff's malicious abuse of process claim should be dismissed.

### POINT IV

### PLAINTIFF'S REMAINING CLAIMS BASED ON FIRST, FIFTH, EIGHTH AND FOURTEENTH AMENDMENT VIOLATIONS MUST BE DISMISSED.

Plaintiff's remaining claims based on First, Fifth, Eighth and Fourteenth Amendment violations must be dismissed as a matter of law because the only claims described by Plaintiff are based on a Fourth Amendment cause of action. The Fourth Amendment is the proper source of constitutional claims such as false arrest and excessive force. Singer v. Fulton County Sheriff, 63 F. 3d 110, 115, n.3 (2d Cir. 1995) (citing Albright v. Oliver, 114 S.Ct. 807, 811-17, 127 L. Ed.2d 114, 122-24 (1994) (42 U.S.C. § 1983 is not its own source of rights; false arrest and malicious prosecution are Fourth Amendment violations, but in the absence of specific Fourth Amendment pleadings, Court will not examine an unalleged Fourth Amendment violation)). In the present case, Plaintiff's claims of First Amendment (free speech), Fifth Amendment (due process and self-incrimination), Eighth Amendment (cruel and unusual punishment), and Fourteenth Amendment (due process and equal protection) violations are unrelated to his alleged being "falsely and maliciously arrested and imprisoned" and/or are not supported by Plaintiff's alleged facts. (See, Exhibit "GG"). Accordingly, Plaintiff's remaining Constitutional claims should be dismissed.

### POINT V

### DETECTIVES SCULLY, McCABE AND CHIARELLA ARE PROTECTED BY QUALIFIED IMMUNITY.

Even if Detectives Scully and McCabe did not have actual probable cause to arrest Plaintiff, the individual Defendants nontheless would be protected by qualified immunity. Qualified immunity shields government officials from liability for civil

damages as a result of their performance of discretionary functions, and serves to protect government officials from the burdens of costly, but insubstantial lawsuits. Lennon v. Miller, 66 F. 3d 416, 420 (2d Cir. 1995). Officers performing discretionary functions enjoy a qualified immunity which protects them from personal liability for acts insofar that the acts do not violate clearly established rights of which a reasonable person would have known, or insofar that the officers had an objectively reasonable belief that their acts did not violate those rights. Kinzer v. Jackson, 316 F. 3d 139 (2d Cir. 2003); Martinez v. City of Schenectady, 115 F. 3d 111, 114-15 (2d Cir. 1997) (qualified immunity protects officers who had reasonable grounds to believe in probable cause, even if warrant was later found defective); Steiner v. City of New York, 920 F. Supp. 333, 339-40 (E.D.N.Y. 1996) (qualified immunity protects officer who heard allegations of crime, saw an order of protection, and was aware of signs of crime, despite being told conflicting stories); Cook v. Sheldon, 41 F. 3d 73, 78 (2d Cir. 1994) (If an officer arrests the plaintiff without probable cause, the officer is, nevertheless, immune if he can show either that: 1) it was objectively reasonable for him to believe he had probable cause; or 2) officers of reasonable competence could disagree whether probable cause existed).

In this action the Plaintiff cannot present any evidence that would suggest Detectives Scully, McCabe and Chiarella failed to act in a way that would forfeit their protection under the doctrine of qualified immunity. It was objectively reasonable for Detectives Scully and McCabe, given the facts known to them at the time of Plaintiff's arrest, to believe that probable cause existed for charging Plaintiff with Neal's robbery. As already discussed, Plaintiff was positively identified by the victim of the robbery in a photo array. Under these circumstances, reasonable competent officers might have

19

believed that probable cause existed.  Therefore, it was objectively reasonable for

Detectives Scully and McCabe to believe probable cause existed.  Accordingly,

Detectives Scully and McCable are protected by qualified immunity.

Detective Chiarella did not arrest Plaintiff.  Detective Chiarella was reassigned to

this case in January of 2006, months after Plaintiff's arrest.  Detective Chiarella

interviewed Tovar and Mendoza, participated in the lineup procedure and testified at the

Grand Jury.  It was objectively reasonable for Detective Chiarella to believe that probable

cause existed for Plaintiff's arrest on the basis of Detective Scully's report, Neal's written

statement, and Neal's positive identification of Plaintiff in the photo array on November

25, 2005.  Accordingly, Detective Chiarella is protected by qualified immunity.

### POINT VI

### ALL CLAIMS AGAINST THE CITY OF YONKERS MUST BE DISMISSED.

The Plaintiff is unable to fulfill his burden and demonstrate any connection

between a municipal policy and an unconstitutional deprivation which caused harm to the

Plaintiff.  To sustain his claims the Plaintiff must demonstrate that a deliberate municipal

action was taken that caused a deprivation of federal rights.  Bryan County

Commissioners v. Brown, 117 S. Ct. 1382, 1388-90 (1997).  If plaintiff cannot show that

individual defendants violated plaintiff's rights, then plaintiff's § 1983 claims against the

City must also fail.  Augustine v. Reid, 882 F. Supp. 50, 53 (E.D.N.Y. 1995) (where

arresting officers had probable cause to arrest, no claim against defendant city).  See also,

Bernard v. United States, 25 F. 3d 98, 102 (2d Cir. 1994) (plaintiff cannot recover for

mere negligence of arresting officers).  It is clear that the claims against the City of

Yonkers are unsustainable.

20

A municipality cannot be found liable under 42 U. S. C. § 1983 simply because it employs a tortfeasor. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Rather, a "municipality can be found liable under § 1983 only when the municipality itself causes the Constitutional violation". City of Canton v. Harris, 489 U.S. 378, 385 (1989) (citing Monell, 436 U.S. at 694-95). In order to maintain an action against a municipality under § 1983, plaintiff must demonstrate:  1) the existence of a municipal policy or custom, and 2)  the existence of a causal connection between said policy or custom and the deprivation of plaintiff's constitutional rights. Sarus v. Rotundo, 831 F. 2d 397, 400 (2d Cir. 1987). See also,  Polk County v. Dodson, 454 U.S. 312, 326 (1981) (municipality can only be liable under § 1983 when its policies are the "moving force: behind the constitutional violation); Batista v. Rodriguez, 702 F. 2d 393, 397 (2d Cir. 1983) (there must be a "causal link between an official policy or custom and the plaintiff's injury").

A plaintiff has no basis for claims when a plaintiff fails to establish any policy or custom, let alone a rule, regulation, procedure, or practice that may have directed or caused the alleged deprivations.  Here, the Plaintiff cannot have this Court infer the existence of a municipal policy from the incident which is the subject of his Amended Complaint. Oklahoma City v. Tuttle, 471 U.S. 808, 824 (1985).  (Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional policy, which policy can be attributed to a municipal policymaker".) See also, Martin v. City of New York, 627 F. Supp. 892, 896-97 (E.D.N.Y. 1985);  Loza v. Lynch, 625 F. Supp. 850, 853 (D. Conn. 1986). As such, the Plaintiff's claims should be

dismissed. Since Plaintiff makes no allegations of any previous incident of constitutional deprivation comparable to that of which he complains of, Plaintiff has no basis in any of his claims that Defendants acted pursuant to any municipal policy, practice or custom.

Furthermore, municipal liability under § 1983 may not be predicated upon the theory of *respondeant superior* or vicarious liability. City of Canton, 109 S. Ct. at 1203; Monell, 436 U.S. at 691.

Plaintiff also cannot show that the action or inactions complained of were actually taken or personally directed by one "whose edicts or acts may fairly be said to represent official policy...." Monell, 436 U.S. at 694. However, only those officials who, pursuant to state law, have final policy-making authority over the subject matter in question, can bind the municipality for § 1983 purposes. *See* City of St. Louis v. Praprotnik, 485 U.S. 112 (1988); Pembaur v. City of Cincinnati, 475 U.S. 469 (1986). Here, Plaintiff does not allege, nor could he demonstrate, that Detectives Scully, McCabe or Chirarella had any policy-making authority for either the Yonkers Police Department or the City of Yonkers. Moreover, while the Plaintiff has named the City of Yonkers as a defendant, he does not allege, nor could he demonstrate, that any high ranking city official knew of the alleged wrongful conduct or the alleged resulting deprivations. Therefore, the claims against the City of Yonkers have no evidentiary foundation and should be dismissed.

## CONCLUSION

For all the foregoing reasons, it is respectfully requested that Defendants' motion for summary judgment be granted and the Amended Complaint be dismissed in its entirety, together with costs, fees and such other and further relief as the Court deems just and proper.

22

Date:  August 22, 2008
Yonkers, New York

FRANK J. RUBINO
Corporation Counsel of the City of Yonkers
Attorneys for Defendants
City Hall Room 300
Yonkers, NY 10701
(914) 377-6256

By: Rory McCormick (RM 3994)
Associate Corporation Counsel

TO:  Jon L. Norninsberg
        225 Broadway, Suite 2700
        New York, New York 10007